Opinion of the Court. — This was an action on the case, brought by the present defendant against the present plaintiff, to recover from him the amount of a demand which he, the then plaintiff, claimed, as administrator of Richard Morris, deceased. The declaration contains two counts, one upon an account stated, and the other for goods, wares, merchandise, &e. In both counts a blank is left in that part which ought regularly to contain the amount of the demand. A blank is also left in the declaration for the damages.
The damages in the writ are laid at 60/. and the jury gave a verdict for /.66 10 3 3-4 ; for which sum the court rendered judgment. Before the execution issued, and previous to the writ of error being brought, the plaintiff in the court below directed the clerk to credit the execution-with 71. it being a mistake made by the jury*
The first error assigned, is, that the declaration is insufficient on account of the blanks above mentioned. .As to the blank which ought to have been filled with the *94 damages, the court have frequently determined that th«j damages laid in the writ would supply this, omission in the declaration ; and as to the other blanks in the decía-, ration, they are defects of such a kind as are cured; by % verdict, under our statutes of jeofails (a),*-; for the court; is bound to take it for granted, that the amount of the then plaintiff ⅞ demand was proved to the jury, or the. verdict rendered between the parties would never have been given ; and therefore the court consider the demand or claim as only defectively set forth.
Where a jury find more damages than are laid in the writ or declaration, the court ihould enter judgment /or the amount of damages laid.
The second error assigned, is, that the inferor court erred in entering judgment for the full amount of the, verdict, it being a greater sum than the damages laid either in the writ or declaration. In this the court certainly erred; nor can the endorsement made on the execution cure this error.† The court, instead of rendering judgment for the amount of the verdict, shpuld have directed it to be entered for the amount of damages stated in the writ.-Judgment reversed.

{a) A¿ls of 1796-7, 24,§ 28,1 Brad. 226 —- aéls ef 1799» ch. zS, § 7, p. é

 Same point decided in the cafe of Eenwick vs. M’G'innefe, Spring 1808.

 Gaither vs. Smith, fall term 1799, S. P.